UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jerry Wayne Sharpe,                          )
                                             )
              Petitioner,                    )
                                             )        Case: 1:15-cv-00383
         v.                                  )        Assigned To : Unassigned
                                             )        Assign. Date : 3/16/2015
                                             )        Description: Habeas Corpus/2255
United States of America,                    )
                                             )
              Respondent.                    )

MEMORANDUM OPINION

Petitioner, proceeding *pro se*, has submitted an application for a writ of *habeas corpus*

under 28 U.S.C. § 2254, along with an application to proceed *in forma pauperis*. The Court will

grant the application to proceed *in forma pauperis* and will dismiss the case for lack of

jurisdiction.

Petitioner is a North Carolina state prisoner incarcerated at the Maury Correctional

Institution in Maury, North Carolina. Petitioner purports to challenge a judgment of conviction

entered by the "U.S. District Court" in Greensboro, North Carolina, and claims that he was

sentenced in January 2015. Pet. ¶¶ 1, 2. Later in the application, however, petitioner indicates

that he appealed a conviction to the state appellate courts in North Carolina. *See id.* ¶ 9. The

confusion notwithstanding, this Court cannot exercise jurisdiction over the petition.

Federal court review of state convictions is available under 28 U.S.C. § 2254 only after

the exhaustion of available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an

application for a writ of habeas corpus [ ] made by a person in custody under the judgment and

sentence of a State court . . . may be filed in the district court for the district wherein such person

1

is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).

If petitioner is in fact challenging a federal conviction, he has filed the wrong action. Challenges to a federal conviction must proceed under 28 U.S.C. § 2255 in the sentencing court, which the instant petition suggests is the United States District Court for the Middle District of North Carolina. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

Date: March 13, 2015